[Cite as *State v. Reed*, 2012-Ohio-2827.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO  C.A. No.  11CA0080-M

    Appellee

    v.  APPEAL FROM JUDGMENT
ENTERED IN THE
DAVID L. REED  COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
    Appellant  CASE No.  10-CR-0407

DECISION AND JOURNAL ENTRY

Dated: June 25, 2012

---

BELFANCE, Judge.

{¶1} David Reed appeals from his convictions for trafficking in drugs. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Reed pleaded guilty to two counts of trafficking in drugs, felonies of the fifth-degree. At his sentencing hearing, the trial court recited Mr. Reed's extensive criminal history from the presentence investigation report. After the trial court had finished, the prosecutor stated that the presentence investigation report failed to list a conviction for rape. Mr. Reed immediately objected, asserting that he had never been convicted of rape. The trial court informed the parties that it would only consider the information contained in the presentence investigation report and then sentenced Mr. Reed to an aggregate prison term of 17 months.

{¶3} Mr. Reed has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

PROSECUTORIAL MISCONDUCT AT THE DEFENDANT-APPELLANT'S SENTENCING HEARING PREJUDICIALLY AFFECTED DEFENDANT APPELLANT'S SUBSTANTIAL RIGHTS.

{¶4}  Mr. Reed argues that the prosecutor's statements that Mr. Reed had been convicted of rape and that he had been found to be a habitual sexual offender constituted prosecutorial misconduct.  We disagree.

{¶5}  A defendant who alleges prosecutorial misconduct must show that the prosecutor's remarks were improper and that the remarks prejudicially affected his substantial rights.  *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 145.  "The touchstone of analysis is the fairness of the trial, not the culpability of the prosecutor."  (Internal quotations and citations omitted.)  *Id.*

{¶6}  At Mr. Reed's sentencing hearing, the trial court listed off Mr. Reed's criminal history as contained in the presentence investigation report:

> In 1980, it began with passing bad checks, grand theft, receiving stolen property, aggravated trafficking in drugs, passing bad checks, resisting arrest, aggravated trafficking in drugs, theft, grand theft, driving under suspension, drug abuse, aggravated burglary, fraud, forgery, uttering with violence, false name, carrying a concealed weapon, petty theft, corrupting a minor, petty theft, receiving stolen property, possession of drugs, receiving stolen property, attempted theft, passing bad checks, disorderly conduct, a couple of verification violations of the sexual oriented offender, failure to verify address again, drug abuse, possession of drugs – that was the one in my case – sexual offender verification – also my case – theft, drug offense, aggravated burglary * * *, drug abuse, domestic violence, trafficking in drugs, trafficking in cocaine, possession of cocaine, failing to appear, possession of drugs, driving under the influence, driving under the influence, criminal trespass, trafficking in drugs.

After it had finished listing Mr. Reed's convictions, the trial court remarked, "So it's a pretty horrific record."

{¶7}    The prosecutor stated, "There's a rape also * * * that I prosecuted him on."  Mr. Reed immediately objected.  The trial court informed the prosecutor that the rape was not in the presentence investigation report, to which the prosecutor responded, "But obviously there's been—he's been found to be a[] habitual sex offender.  As the Court is aware, under the old law, the only way to become a[] habitual sex offender is to be convicted of multiple offenses."  When the trial court again stated that there was nothing in the report about a previous rape, the prosecutor agreed that it was not listed in the report.  The trial court then stated, "For the record, I am not considering that at the time of sentencing.  I'm only considering the things that I see in the PSI."

{¶8}    Assuming for the sake of argument that the prosecutor's remarks were improper, Mr. Reed fails to establish any resulting prejudice.  The trial court expressly stated on the record that it was disregarding the prosecutor's remarks and relying solely on the presentence investigation report, and Mr. Reed has not pointed to anything in the record that would suggest that the trial court relied on the prosecutor's statements when it sentenced Mr. Reed.  *See State v. Dennis*, 79 Ohio St.3d 421, 433 (1997) (The trial court is presumed to consider "only the relevant, material, and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record.").

{¶9}    Nevertheless, Mr. Reed argues that the prosecutor's remarks prejudicially affected his rights because "the trial court rejected [his] request to be sentenced to [a community-based corrections facility] for drug counseling and treatment and [] instead sentenced [Mr. Reed] to a total prison term of seventeen (17) months."  However, Mr. Reed does not dispute any of the convictions identified by the trial court during the sentencing hearing or in the presentence investigation report, nor does he claim that his sentence is contrary to law.  Furthermore, given

the extensive criminal record considered by the trial court, he has not demonstrated that the trial court abused its discretion when it declined to grant Mr. Reed's request to sentence him to a community-based corrections facility for six months. *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 17 (A trial court's decision to impose a sentence "within the permissible statutory range is subject to review for abuse of discretion * * *.").

**{¶10}** Accordingly, because Mr. Reed has failed to establish that the prosecutor's remarks prejudicially affected his substantial rights, his assignment of error is overruled.

### III.

**{¶11}** Mr. Reed's assignment of error is overruled. The judgment of the Medina Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

          _____

          EVE V. BELFANCE
          FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.